UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

    Case No. 03-CR-81123-DT
    Case No. 05-CV-71546-DT

ARRON NELSON,

    Defendant.
    _____/

**ORDER DENYING IN PART DEFENDANT'S "MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY"**

Pending before the court is Defendant Arron Nelson's April 20, 2005 motion filed under 28 U.S.C. § 2255 to vacate his sentence. For the reasons set forth below, the court will deny in part Defendant's motion.

**I. BACKGROUND**

On November 28, 2003, law enforcement officers executed a search warrant at 11136 Corbett in Detroit, Michigan. When officers arrived to serve the search warrant, Sergeant Rodger Johnson looked through the front window and observed Defendant sitting at the dining room table with two men. When Sergeant Johnson announced the officers' presence and purpose, the men removed themselves from the table and ran toward the rear of the house. After prying open the front door and entering the house, Sergeant Johnson saw a large quantity of marijuana and weapons on the table where Defendant and the others had been sitting. The officers caught Defendant and Marco

High as they attempted to escape through a side door of the house and they found Oshea Ward lying in the fetal position beneath the basement stairs.

The officers seized three large freezer bags containing marijuana and packaging materials from the dining room table where the three men had been sitting and a bag containing several smaller baggies of marijuana was found underneath the seat where Marco High had been sitting. Officer Marshall confiscated an SKS assault rifle and a revolver from the same dining room table and Officer Wheeler found a handgun underneath a sweater on a different table.

On December 23, 2003, Defendant was indicted by a federal grand jury for being a felon in possession of a firearm, possession with intent to distribute marijuana, and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 922(g)(1), 21 U.S.C. § 841(a)(1), and 18 U.S.C. § 924(c)(1)(A). On April 26, 2004, Defendant entered a guilty plea to possession with intent to distribute marijuana and possession of a firearm in furtherance of a drug trafficking crime, pursuant to a Rule 11 Agreement. On August 31, 2004, Defendant was sentenced to 121 months in prison.

## II. STANDARD

Under 28 U.S.C. § 2255, a prisoner sentenced by a federal court may "move the court which imposed the sentence to vacate, set aside or correct the sentence" when "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. Such motions, however, must demonstrate "the existence of

a fundamental defect which inherently results in a complete miscarriage of justice, or an omission inconsistent with the rudimentary demands of fair procedure" in order for relief to be obtained. *United States v. Todaro*, 982 F.2d 1025, 1030 (6th Cir. 1993) (citing *Hill v. United States*, 368 U.S. 424, 428 (1962)).

## III. DISCUSSION

In order to successfully prove a claim for ineffective assistance of counsel, Defendant must demonstrate "that counsel's performance was deficient" and "that the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). A strong presumption that "counsel's conduct falls within the wide range of reasonable professional assistance" must be indulged. *Id.* at 689; *see also Beasley v. United States*, 491 F.2d 687, 696 (6th Cir. 1974) (holding that the assistance of counsel required under the Sixth Amendment is counsel "reasonably likely to render and rendering reasonably effective assistance"). It is also important to note that "judicial scrutiny of counsel's performance must be highly deferential." *Strickland*, 466 U.S. at 689.

**A. Alleged Absence of an Indictment Specification as to the Rifle**

In Defendant's first claim of ineffective assistance of counsel, Defendant contends that his attorney's advice to plead guilty in the face of the indictment was improper because it failed to specify the nature of the firearm he was charged with possessing. (Def.'s Mot. at 9-10.) Similarly, in his fourth claim of ineffective assistance of counsel, Defendant argues that his plea was unknowing, unintelligent, and involuntary because the firearm he was charged with possessing was not listed in the indictment. The court disagrees.

In count three of the indictment, Defendant was charged with possession of a firearm in furtherance of a drug trafficking crime; the indictment listed three firearms, including a Norinko SKS rifle.  (Gov't's Resp. at Ex. 1.)  The court notes that 18 U.S.C. § 921(30)(A)(i), then in effect and since repealed, provided that: "The term 'semiautomatic assault weapon' means – (A) any of the firearms, or copies or duplicates of the firearms in any caliber, known as – "(i) *Norinco* . . . ."  18 U.S.C. § 921(30)(A)(i).

In addition, the designation of the Norinko as an "assault weapon" was prominently noted in a worksheet attached to the Rule 11 agreement: "Δ POSSESSED SEMI-AUTOMATIC *ASSAULT WEAPON*.  PURSUANT TO 18 USC 924(C), 120 MONTHS MANDATORY."  (*See* Worksheet D, attached to 4/27/04 Rule 11 Agreement) (emphasis added).  Moreover, the factual statement contained in the body of the Rule 11 agreement provided in relevant part that "[t]he parties stipulate to the following . . . as an accurate factual basis for [D]efendant's guilty plea: . . . [D]efendant Arron Nelson . . . possessed . . . one Norinko SKS, semi-automatic assault weapon . . . in furtherance of the drug trafficking crime of possession with intent to distribute marijuana on or about November 18, 2003."  (4/27/04 Rule 11 Agreement at 2-3.)

The court determines that the indictment was not defective for failing to give notice of the assault weapon character of the Norinko.  Defendant's ineffective assistance claims on this basis and his complaints relating to the rifle specification are rejected.

**B.  Advising a Plea to the Maximum Sentence Petitioner Could Have Received**

In his second claim for habeas relief, Defendant alleges that his counsel was ineffective for advising him to plea to the maximum sentence that he could have

4

received under the law and not advising him to take the case to trial. In support of his contention, Defendant points to his co-defendant who took his case to trial, was convicted, and received a 72 month sentence. (Def.'s Mot. at 17-18.) Defendant also insists that had he known "that he could not [have] been convicted of the mandatory minimum sentence of 120 months for a gun type that was NOT in his possession as a matter of law he would not [have] pled guilty and would have insisted on going to trial but for counsel's errors." (*Id.* at 18.) (Emphasis supplied). Again, Defendant claims that the assault rifle was not charged in the indictment. (*Id.* at 17, 19.)

As discussed above, the Norinko rifle was indeed charged in the indictment. The indictment, therefore, is not defective. In addition, Defendant admitted all facts necessary for the imposition of a 121-month sentence. The court also notes that there was substantial evidence presented against Defendant, namely that officers observed Defendant sitting at a table where marijuana and firearms were located. The court can not conclude that counsel's advice that Defendant not take his case to trial constituted deficient performance on his part. *Strickland*, 466 U.S. at 687.

### C. Failure to Appeal and Failure to Withdraw Guilty Plea

In his third claim for habeas relief, Defendant argues that his counsel was ineffective for not filing a motion to withdraw Defendant's guilty plea and failing to file a notice of appeal, as he requested. He avers that he told his counsel that he wanted to withdraw his plea after he entered it and also directed his counsel to file an appeal. (Def.'s Mot. at 21.)

#### 1. Attorney's Failure to Withdraw Guilty Plea

The court reviews Defendant's claim that his attorney failed to file a motion to withdraw his guilty plea in spite of his request under the *Strickland* standard. In *United States v. Waucaush*, 2000 WL 1478361 (6th Cir. 2000), the Sixth Circuit held that:

> After [the defendant's attorney] failed to convince [the defendant] to cooperate with the government, [the defendant's] attorney probably had a duty to assist in withdrawing the plea, and failure to do so might have fallen below the level of professional competence required in *Strickland*. Without resolving that issue, however, the Court can state with confidence that [the defendant] has failed the second prong of *Strickland*: he has failed to show that his attorney's conduct was prejudicial, i.e., that had his attorney performed at a level of reasonable competence, the district court might reasonably have allowed a withdrawal of the plea. According to the record, [the defendant] clearly did not suffer prejudice based on ineffective assistance from counsel. His detailed recollection of his guilt and his specious claims of coercion and drug use undermined his claim to such an extent that the failure of the attempt to withdraw the plea was a forgone conclusion. No attorney, regardless of his skill, could have convinced the district court there was a fair and just reason for withdrawal of the plea. Thus, even assuming that the performance of Waucaush's attorney was constitutionally deficient, his claim of ineffective assistance must fail.

*Id*. at *5. Likewise, in the instant case, defense counsel's alleged failure to assist Defendant in filing a motion to withdraw his plea upon Defendant's request may have fallen below the level of competence required in *Strickland*. As to the second prong of *Strickland*, however, Defendant has failed to show that any failure to file the motion was prejudicial. Defendant states that his basis for withdrawing his plea is the alleged absence of an indictment specification as to rifle. As discussed above, the indictment was not defective for failing to give notice of the assault weapon character of the Norinko and Defendant's claim, therefore, would not have constituted a fair and just reason for the withdrawal of Defendant's plea. The court will deny Defendant's habeas petition on this issue.

**2.   Attorney's Failure to File a Notice of Appeal**

The court notes that Defendant agreed in his Rule 11 agreement to waive "any right he may have to appeal his conviction or sentence, including any right under 18 U.S.C. § 3742 to appeal on the ground that the sentence was imposed as a result of an incorrect application of the sentencing guidelines." (4/27/04 Rule 11 Agreement at ¶ 5.) Pursuant to the plea agreement, Defendant retained only the right to appeal "a finding or conclusion affecting his offense level under the sentencing guidelines [if he received] a sentence greater than the maximum described in para[graph] two of th[e] agreement" and the "finding or conclusion differ[ed] from what is contained in the stipulated worksheets." (*Id.*) The court also notes that the court informed Defendant during his sentencing that he "likely waived [his] appellate rights so long as the court sentenced [him] as anticipated." (Gov't's Resp. at Ex. 3.) These facts suggest that an appeal taken by Defendant would likely have been unsuccessful.

The *Ludwig v. United States*, 162 F.3d 456, 459 (6th Cir. 1998) court, however, stated that:

> [E]very Court of Appeals has held that a lawyer's failure to appeal a judgment, in disregard of the defendant's request, is ineffective assistance of counsel regardless of whether the appeal would have been successful or not. . . . We agree with those courts and hold that the failure to perfect a direct appeal, in derogation of defendant's actual request, is a *per se* violation of the Sixth Amendment.

*See also Castellanos v. United States*, 26 F.3d 717, 719 (7th Cir. 1994); *United States v. Peak*, 992 F.2d 39, 42 (4th Cir. 1993); *United States v. Horodener*, 993 F.2d 191, 195 (9th Cir. 1993); *Bonneau v. United States*, 961 F.2d 17, 23 (1st Cir. 1992); *United States v. Davis*, 929 F.2d 554, 557 (10th Cir. 1991); *Williams v. Lockhart*, 849 F.2d 1134, 1137 (8th Cir. 1988).

Moreover, in *Carrion v. United States,* 107 Fed. Appx. 545, 546 (2004), the court interpreted *Ludwig* in the case of a defendant who signed a plea agreement, in which he waived his right to appeal except to challenge his criminal history category or an upward departure from the parties's recommended sentence. The defendant in *Carrion* brought a claim of ineffective assistance of counsel pursuant to a 28 U.S.C. § 2255 motion, claiming that his attorney did not file an appeal on his behalf as he requested immediately after his sentencing hearing. *Id*. The district court held that the defendant's "counsel did not provide ineffective assistance by failing 'to file an appeal when his client has waived appeal rights.'" *Id*. The *Carrion* court reversed the district court's holding, stating that the "the district court wrongly concluded that [the defendant's] appeal waiver precluded him from pursuing an appeal." *Id*. at 547. The court further clarified its conclusion, stating that "counsel's failure to file a notice of appeal as the defendant requested establishes ineffective assistance of counsel *per se*, irrespective of whether the appeal would be successful." *Id*.

In light of *Ludwig* and *Carrion*, the court will conduct an evidentiary hearing on the issue of whether Defendant's attorney consulted with Defendant relating to an appeal.

### IV.  CONCLUSION

IT IS ORDERED that Defendant's motion under 28 U.S.C. §2255 [Dkt. #73] is DENIED IN PART. It is denied with respect to Defendant's first, second, and fourth claims. It is denied in part with respect to Defendant's third claim.

IT IS ALSO ORDERED that the court will hold an evidentiary hearing relating to

Defendant's third claim for habeas relief on **December 5, 2005** at **2:30 p.m.**  The court will appoint Defendant an attorney from the Federal Defenders' Office.

     S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  October 18, 2005

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, October 18, 2005, by electronic and/or ordinary mail.

     S/Lisa Wagner

Case Manager and Deputy Clerk
(313) 234-5522