UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

    Case No. 03-CR-81123-DT
    Case No. 05-CV-71546-DT

ARRON NELSON,

    Defendant.

_____/

**ORDER DENYING DEFENDANT'S "MOTION UNDER 28 U.S.C. § 2255 TO VACATE SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY"**

Pending before the court is Defendant's third claim for habeas relief relating to his attorney's alleged failure to file a notice of appeal, included within his "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By A Person in Federal Custody." In its October 18, 2005 order, the court denied Defendant's motion with respect to his first, second, and fourth habeas claims. (*See* 10/18/05 Order at 8.) Additionally, the court denied in part Defendant's third habeas claim relating to his attorney's alleged failure to withdraw his guilty plea. (*Id.*) In that order, the court also ordered an evidentiary hearing concerning only Defendant's third claim for habeas relief relating to his attorney's alleged failure to file a notice of appeal. The court conducted that hearing on December 5, 2005. For the reasons set forth below, the court will deny Defendant's motion on this issue.

**I.  BACKGROUND**

On November 28, 2003, law enforcement officers executed a search warrant at 11136 Corbett in Detroit, Michigan. When officers arrived to serve the search warrant,

Sergeant Rodger Johnson looked through the front window and observed Defendant sitting at the dining room table with two men.  When Sergeant Johnson announced the officers' presence and purpose, the men removed themselves from the table and ran toward the rear of the house.  After prying open the front door and entering the house, Sergeant Johnson saw a large quantity of marijuana and weapons on the table where Defendant and the others had been sitting.  The officers caught Defendant and Marco High as they attempted to escape through a side door of the house and they found Oshea Ward lying in the fetal position beneath the basement stairs.

The officers seized three large freezer bags containing marijuana and packaging materials from the dining room table where the three men had been sitting and a bag containing several smaller baggies of marijuana was found underneath the seat where Marco High had been sitting.  Officer Marshall confiscated an SKS assault rifle and a revolver from the same dining room table and Officer Wheeler found a handgun underneath a sweater on a different table.

On December 23, 2003, Defendant was indicted by a federal grand jury for being a felon in possession of a firearm, possession with intent to distribute marijuana, and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. §922(g)(1), 21 U.S.C. §841(a)(1), and 18 U.S.C. §924(c)(1)(A).  On April 26, 2004, Defendant entered a guilty plea to possession with intent to distribute marijuana and possession of a firearm in furtherance of a drug trafficking crime, pursuant to a Rule 11 Agreement.  On August 31, 2004, Defendant was sentenced to 121 months in prison.

## II.  STANDARD

Under 28 U.S.C. § 2255, a prisoner sentenced by a federal court may "move the court which imposed the sentence to vacate, set aside or correct the sentence" when "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."  28 U.S.C. § 2255.  Such motions, however, must demonstrate "the existence of a fundamental defect which inherently results in a complete miscarriage of justice, or an omission inconsistent with the rudimentary demands of fair procedure" in order for relief to be obtained.  *United States v. Todaro*, 982 F.2d 1025, 1030 (6th Cir. 1993) (citing *Hill v. United States*, 368 U.S. 424, 428 (1962)).

## III.  ATTORNEY'S ALLEGED FAILURE TO FILE A NOTICE OF APPEAL

In his third claim for habeas relief, Defendant argues that his counsel was ineffective for failing to file a notice of appeal on his behalf, as he requested.  (Def.'s Mot. at 21.)

The court notes that Defendant agreed in his Rule 11 agreement to waive "any right he may have to appeal his conviction or sentence, including any right under 18 U.S.C. § 3742 to appeal on the ground that the sentence was imposed as a result of an incorrect application of the sentencing guidelines."  (4/27/04 Rule 11 Agreement at ¶ 5.)  Pursuant to the plea agreement, Defendant retained only the right to appeal "a finding or conclusion affecting his offense level under the sentencing guidelines [if he received] a sentence greater than the maximum described in para[graph] two of th[e] agreement" and the "finding or conclusion differ[ed] from what is contained in the stipulated

worksheets." (*Id.*) The court also notes that the court informed Defendant during his sentencing that he "likely waived [his] appellate rights so long as the court sentenced [him] as anticipated." (Gov't's Resp. at Ex. 3.) In addition, Defendant was informed multiple times during the August 31, 2004 sentencing hearing that he would face a statutory minimum of ten years. (*See* 8/31/2004 Hr'g Tr.) These facts suggest that an appeal taken by Defendant would likely have been unsuccessful.

The *Ludwig v. United States*, 162 F.3d 456, 459 (6th Cir. 1998) court, however, stated that:

> [E]very Court of Appeals has held that a lawyer's failure to appeal a judgment in disregard of the defendant's request, is ineffective assistance of counsel regardless of whether the appeal would have been successful or not. . . . We agree with those courts and hold that the failure to perfect a direct appeal, in derogation of defendant's actual request, is a *per se* violation of the Sixth Amendment.

*See also Castellanos v. United States*, 26 F.3d 717, 719 (7th Cir. 1994); *United States v. Peak*, 992 F.2d 39, 42 (4th Cir. 1993); *United States v. Horodener*, 993 F.2d 191, 195 (9th Cir. 1993); *Bonneau v. United States*, 961 F.2d 17, 23 (1st Cir. 1992); *United States v. Davis*, 929 F.2d 554, 557 (10th Cir. 1991); *Williams v. Lockhart*, 849 F.2d 1134, 1137 (8th Cir. 1988).

Moreover, in *Carrion v. United States,* 107 Fed. Appx. 545, 546 (2004), the court interpreted *Ludwig* in the case of a defendant who signed a plea agreement, in which he waived his right to appeal except to challenge his criminal history category or an upward departure from the parties's recommended sentence. The defendant in *Carrion* brought a claim of ineffective assistance of counsel pursuant to a 28 U.S.C. § 2255 motion, claiming that his attorney did not file an appeal on his behalf as he requested

4

immediately after his sentencing hearing.  *Id.*  The district court held that the defendant's "counsel did not provide ineffective assistance by failing 'to file an appeal when his client has waived appeal rights.'"  *Id.*  The *Carrion* court reversed the district court's holding, stating that the "the district court wrongly concluded that [the defendant's] appeal waiver precluded him from pursuing an appeal."  *Id.* at 547.  The court further clarified its conclusion, stating that "counsel's failure to file a notice of appeal as the defendant requested establishes ineffective assistance of counsel *per se*, irrespective of whether the appeal would be successful."  *Id.*

In light of *Ludwig* and *Carrion*, the court conducted an evidentiary hearing on December 5, 2005 on the issue of whether Defendant's attorney consulted with Defendant relating to an appeal.  During the hearing, Defendant provided the following testimony:

> Q: Now, did you discuss with Mr. Cripps the possibility of him filing an appeal on your behalf within the ten-day statutory period after your sentencing?
> A: Yes.
>
> Q: And when and where was that conversation?
> A: Outside in the hallway of these doors.
>
> Q: Outside the hallway of these doors?
> A: Uh-huh.
>
> Q: Is that a "yes"?
> A: Yes.
>
> Q:Try to fully verbalize your responses.  Thank you.  Who, if anybody else, was present when you had this conversation?
> A: My Auntie Crystal Parlim was in the hallway.
>
> Q: And then you just told me about her being present today, is that correct?
> A: She's not in here.

> Q: She's not here, is she?
> A: No
>
> Q: And what exactly did you say to Mr. Cripps regarding the appeal?
> A: I asked Mr. Cripps could he file an appeal. He told that he didn't – I gave up those rights.
>
> Q: And by giving up those rights he's referring, was he referring to that appeal waiver provision in your Rule 11 plea agreement?
> A: I don't know.
>
> Q: Were you even aware that you gave up your Rule 11 plea agreement, had you recalled that you gave up your right to appeal most issues?
> A: No.
>
> \*\*\*
>
> Q: After this one conversation with Mr. Cripps, did you again attempt to contact him within the ten-day period and ask him to file an appeal?
> A: No. I just relied on his answer he gave me in the hallway.

(12/5/2005 Hr'g at 8-10.) In direct contrast, Defendant's attorney, David Cripps,

provided the following testimony:

> Q: After Mr. Nelson was sentenced he wasn't taken into custody immediately, is that correct?
> A: No. The judge at our request allowed him to voluntarily surrender in the future.
>
> Q: And did you have a conversation with Mr. Nelson in the hallway after the decision to allow him to voluntarily surrender?
> A: Yes.
>
> Q: And what was the substance of that conversation?
> A: Well, the subject of the conversation was that I advised him that we have a short ten days in which to, for him to make that decision about whether he would want to seek appeal or not. And he made a decision, as he told me that he just wanted to go and do his time and didn't want to appeal in the plea itself.
>
> Q: Did you just have that conversation with him privately or were there other people around?

> A: There were other people in the hallway when we began our discussion about what had just happened, and then I took him aside to talk to him privately over by the window across the hall so that he could focus on what I was talking about without his immediate family interfering with it at all. Because it was a very important issue that I wanted him to think about. And I told him if he changed his mind in any way about wanting to appeal, to let me know right away. Either call my office, send me a letter, any way whatsoever, because those ten days would be running fast.
>
> Q: And during that ten-day window did Mr. Nelson ever call you at your office?
> A: No.
>
> Q: Did he ever send a letter to you?
> A: No.
>
> Q: After that ten-day period did he ever send a letter to you?
> A: No.
>
> Q: Saying he wanted you to file an appeal and you didn't anything like that?
> A: I never received any letters from him.
>
> Q: Any phone calls after that ten-day period?
> A: No.

(12/5/2005 Hr'g Tr. at 25-26) In reviewing this matter, the court finds Mr. Cripps's testimony on the issue of whether Defendant ever requested an appeal to be credible. Defendant, on the other hand, has not presented evidence, aside from his self-serving allegations, that he asked Mr. Cripps to file an appeal on his behalf. Mr. Cripps's testimony was clear, confident, and in the court's view believable. The court finds that Defendant did not ask his attorney to file an appeal on his behalf and, therefore, there was no violation of *Ludwig* and *Carrion*. The court will accordingly deny the remaining claim asserted in Defendant's § 2255 motion.

## IV. CONCLUSION

Accordingly, IT IS ORDERED that the sole remaining claim asserted in Defendant's § 2255 motion, claim three, is DENIED. Defendant's § 2255 motion [Dkt. # 73] is therefore DENIED in its entirety.

    S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: February 13, 2006

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, February 13, 2006, by electronic and/or ordinary mail.

    S/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522

S:\Cleland\JUDGE'S DESK\Odd Orders\03-81123.NELSON.Denying2255.ThirdHabeasClaim.wpd            8