**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

       Plaintiff,

                                         Case No. 03-CR-81123-DT
v.                                     Case No. 05-CV-71546-DT

ARRON NELSON,

       Defendant.

_____/

**ORDER DENYING DEFENDANT'S "MOTION FOR A CERTIFICATE OF
APPEALABILITY CONSOLIDATED WITH MOTION TO TRANSCRIBE
TSP OF EVIDENTIARY [HEARING] AND FORWARD SAME"**

Pending before the court is Defendant Arron Nelson's "Motion for a Certificate of
Appealability Consolidated With Motion To Transcribe Tsp of Evidentiary [Hearing] and
Forward Same," filed on March 27, 2006.  For the reasons set forth below, the court will
deny Defendant's motion.

**I.  BACKGROUND**

On December 23, 2003, Defendant was indicted by a federal grand jury for being
a felon in possession of a firearm, possession with intent to distribute marijuana, and
possession of a firearm in furtherance of a drug trafficking crime, in violation of 18
U.S.C. § 922(g)(1), 21 U.S.C. § 841(a)(1), and 18 U.S.C. § 924(c)(1)(A).  On April 26,
2004, Defendant entered a guilty plea to possession with intent to distribute marijuana
and possession of a firearm in furtherance of a drug trafficking crime, pursuant to a Rule
11 Agreement.  On August 31, 2004, Defendant was sentenced to 121 months in
prison.

Defendant filed his "Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody" on April 20, 2005.  In its October 18, 2005 order, the court denied Defendant's motion with respect to his first, second, and fourth habeas claims.  (*See* 10/18/05 Order at 8.)  Additionally, the court denied in part Defendant's third habeas claim relating to his attorney's alleged failure to withdraw his guilty plea.  (*Id.*)  In that order, the court also ordered an evidentiary hearing concerning only a portion of Defendant's third claim for habeas relief, relating to his attorney's alleged failure to file a notice of appeal.  The court conducted the evidentiary hearing on December 5, 2005, and in its February 13, 2006 order, the court denied Defendant's third habeas claim in its entirety.

## II.  STANDARD

"If an applicant files a notice of appeal, the district judge who rendered the judgment must either issue a certificate of appealability or state why a certificate should not issue."  Fed. R. App. P. 22(b)(1).  This court, having rendered the challenged judgment in the case at bar, is guided by 28 U.S.C. § 2253(c)(2), which directs the reviewing judge to determine if "the applicant has made a substantial showing of the denial of a constitutional right."  To demonstrate this denial, the applicant is required to show that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  When a district court rejects a petitioner's constitutional claims

on the merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*

### III.  DISCUSSION

In his motion, Defendant asserts that *Dodd v. United States*, 125 S.Ct. 2478 (2005) overruled "the circuits['] decisions that a review of the non-mandatory structure of the guidelines cannot be entertained in habeas corpus per *United States v. Booker*, 543 U.S. 220 (2005)." (Def.'s Mot. at 2.)  In addition, Defendant contends that "[p]er *Gonzalez v. Crosby*, 125 S.Ct. 2641  (2005), . . . a petitioner [is allowed] to file a 60(b) motion in § 2255 litigation." (*Id.*)  Defendant, however, did not raise these claims in his § 2255 petition and the court does not find either claim to be relevant to Defendant's case.

In addition, Defendant asserts that the "court erred by not holding an evidentiary hearing in reference to this matter." (*Id.*)  Contrary to Defendant's assertion, however, it did indeed conduct an evidentiary hearing on December 5, 2005 relating to his attorney's alleged failure to file a notice of appeal.  (*See* 12/5/05 Minute Entry.)  This argument is thus rejected as unsupported by the record.

The balance of Defendant's motion is a reproduction of his original § 2255 motion with a request that the "court to address the issues herein for a [certificate of appealability]." (Def.'s Mot. 8.)  Therefore, the court will construe Defendant's motion as requesting a certificate of appealability on his entire § 2255 motion.

**A.  Alleged Absence of an Indictment Specification as to the Rifle**

In Defendant's first claim of ineffective assistance of counsel, Defendant contended that his attorney's advice to plead guilty in the face of the indictment was improper because it failed to specify the nature of the firearm he was charged with possessing.  (Def.'s § 2255 Mot. at 9-10.)  Similarly, in his fourth claim of ineffective assistance of counsel, Defendant argued that his plea was unknowing, unintelligent, and involuntary because the firearm he was charged with possessing was not listed in the indictment.  The court disagreed.

In count three of the indictment, Defendant was charged with possession of a firearm in furtherance of a drug trafficking crime; the indictment listed three firearms, including a Norinko SKS rifle.  (Gov't's Resp. at Ex. 1.)  The court notes that 18 U.S.C. § 921(30)(A)(i), then in effect and since repealed, provided that: "The term 'semiautomatic assault weapon' means – (A) any of the firearms, or copies or duplicates of the firearms in any caliber, known as – "(i) *Norinco* . . . ."  18 U.S.C. § 921(30)(A)(i).

In addition, the designation of the Norinko as an "assault weapon" was prominently noted in a worksheet attached to the Rule 11 agreement: "Δ POSSESSED SEMI-AUTOMATIC *ASSAULT WEAPON*.  PURSUANT TO 18 USC 924(C), 120 MONTHS MANDATORY."  (*See* Worksheet D, attached to 4/27/04 Rule 11 Agreement) (emphasis added).  Moreover, the factual statement contained in the body of the Rule 11 agreement provided in relevant part that "[t]he parties stipulate to the following . . . as an accurate factual basis for [D]efendant's guilty plea: . . . [D]efendant Arron Nelson . . . possessed . . . one Norinko SKS, semi-automatic assault weapon . . . in furtherance of the drug trafficking crime of possession with intent to distribute marijuana on or about

4

November 18, 2003." (4/27/04 Rule 11 Agreement at 2-3.) Therefore, the court denied

Defendant's § 2255 motion on the issue.

Reasonable jurists could not disagree that the indictment gave notice of the

assault weapon character of the Norinko. Therefore, the court will deny Defendant's

motion for a certificate of appealability on this issue.

**B.  Advising a Plea to the Maximum Sentence Petitioner Could Have Received**

In his second claim for habeas relief, Defendant alleged that his counsel was

ineffective for advising him to plea to the maximum sentence that he could have

received under the law and not advising him to take the case to trial. In support of his

contention, Defendant pointed to his co-defendant who took his case to trial, was

convicted, and received a 72 month sentence. (Def.'s § 2255 Mot. at 17-18.)

Defendant also maintained that had he known "that he could not [have] been convicted

of the mandatory minimum sentence of 120 months for a gun type that was NOT in his

possession as a matter of law he would not [have] pled guilty and would have insisted

on going to trial but for counsel's errors." (*Id*. at 18.) (Emphasis supplied). Again,

Defendant claimed that the assault rifle was not charged in the indictment. (*Id*. at 17,

19.)

As discussed above, the Norinko rifle was indeed charged in the indictment.

Reasonable jurists, therefore, could only conclude that the indictment, therefore, is not

defective. In addition, Defendant admitted all facts necessary for the imposition of a

121-month sentence. Moreover, there was substantial evidence presented against

Defendant, namely that officers observed Defendant sitting at a table where marijuana

and firearms were located. Reasonable jurists could not conclude that counsel's advice

that Defendant plead guilty constituted deficient performance on his part.  *Strickland*, 466 U.S. at 687.  The court, therefore, will deny Defendant's motion for a certificate of appealability on this issue.

### C.  Failure to Appeal and Failure to Withdraw Guilty Plea

In his third claim for habeas relief, Defendant argued that his counsel was ineffective for not filing a motion to withdraw Defendant's guilty plea and failing to file a notice of appeal, as he requested.  He averred that he told his counsel that he wanted to withdraw his plea after he entered it and also directed his counsel to file an appeal. (Def.'s § 2255 Mot. at 21.)

### 1.  Attorney's Failure to Withdraw Guilty Plea

The court reviewed Defendant's claim that his attorney failed to file a motion to withdraw his guilty plea in spite of his request under the *Strickland* standard.  In *United States v. Waucaush*, 2000 WL 1478361 (6th Cir. 2000), the Sixth Circuit held that:

> After [the defendant's attorney] failed to convince [the defendant] to cooperate with the government, [the defendant's] attorney probably had a duty to assist in withdrawing the plea, and failure to do so might have fallen below the level of professional competence required in *Strickland*. Without resolving that issue, however, the Court can state with confidence that [the defendant] has failed the second prong of *Strickland*: he has failed to show that his attorney's conduct was prejudicial, i.e., that had his attorney performed at a level of reasonable competence, the district court might reasonably have allowed a withdrawal of the plea.  According to the record, [the defendant] clearly did not suffer prejudice based on ineffective assistance from counsel.  His detailed recollection of his guilt and his specious claims of coercion and drug use undermined his claim to such an extent that the failure of the attempt to withdraw the plea was a forgone conclusion.  No attorney, regardless of his skill, could have convinced the district court there was a fair and just reason for withdrawal of the plea. Thus, even assuming that the performance of Waucaush's attorney was constitutionally deficient, his claim of ineffective assistance must fail.

*Id.* at \*5.  Likewise, in the instant case, the court determined that defense counsel's alleged failure to assist Defendant in filing a motion to withdraw his plea upon Defendant's request may possibly have fallen below the level of competence required in *Strickland*.  As to the second prong of *Strickland*, however, the court held that Defendant failed to show that any failure to file the motion was prejudicial.  Defendant stated that his basis for withdrawing his plea is the alleged absence of an indictment specification as to rifle.  As the court has determined, the indictment was not defective for failing to give notice of the assault weapon character of the Norinko and Defendant's claim, therefore, would not have constituted a fair and just reason for the withdrawal of Defendant's plea.  Reasonable jurists could not disagree with the court's decision to deny Defendant's § 2255 motion on this issue.

### 2.  Attorney's Failure to File a Notice of Appeal

Defendant agreed in his Rule 11 agreement to waive "any right he may have to appeal his conviction or sentence, including any right under 18 U.S.C. § 3742 to appeal on the ground that the sentence was imposed as a result of an incorrect application of the sentencing guidelines."  (4/27/04 Rule 11 Agreement at ¶ 5.)  Pursuant to the plea agreement, Defendant retained only the right to appeal "a finding or conclusion affecting his offense level under the sentencing guidelines [if he received] a sentence greater than the maximum described in para[graph] two of th[e] agreement" and the "finding or conclusion differ[ed] from what is contained in the stipulated worksheets."  (*Id.*)  The court also notes that the court informed Defendant during his sentencing that he "likely waived [his] appellate rights so long as the court sentenced [him] as anticipated." (Gov't's Resp. at Ex. 3.)  These facts suggest that an appeal taken by Defendant would

likely have been unsuccessful.

The *Ludwig v. United States*, 162 F.3d 456 (6th Cir. 1998) court, however, stated

that:

> [E]very Court of Appeals has held that a lawyer's failure to appeal a
> judgment, in disregard of the defendant's request, is ineffective assistance
> of counsel regardless of whether the appeal would have been successful
> or not. . . .  We agree with those courts and hold that the failure to perfect
> a direct appeal, in derogation of defendant's actual request, is a *per se*
> violation of the Sixth Amendment.

*Id.* at 459; *see also Castellanos v. United States*, 26 F.3d 717, 719 (7th Cir. 1994);

*United States v. Peak*, 992 F.2d 39, 42 (4th Cir. 1993); *United States v. Horodener*, 993

F.2d 191, 195 (9th Cir. 1993); *Bonneau v. United States*, 961 F.2d 17, 23 (1st Cir.

1992); *United States v. Davis*, 929 F.2d 554, 557 (10th Cir. 1991); *Williams v. Lockhart*,

849 F.2d 1134, 1137 (8th Cir. 1988).

Moreover, in *Carrion v. United States,* 107 Fed. Appx. 545, 546 (2004), the court

interpreted *Ludwig* in the case of a defendant who signed a plea agreement, in which he

waived his right to appeal except to challenge his criminal history category or an upward

departure from the parties's recommended sentence.  The defendant in *Carrion* brought

a claim of ineffective assistance of counsel pursuant to a 28 U.S.C. § 2255 motion,

claiming that his attorney did not file an appeal on his behalf as he requested

immediately after his sentencing hearing.  *Id.*  The district court held that the

defendant's "counsel did not provide ineffective assistance by failing 'to file an appeal

when his client has waived appeal rights.'"  *Id.*  The *Carrion* court reversed the district

court's holding, stating that the "the district court wrongly concluded that [the

defendant's] appeal waiver precluded him from pursuing an appeal."  *Id.* at 547.  The

court further clarified its conclusion, stating that "counsel's failure to file a notice of appeal as the defendant requested establishes ineffective assistance of counsel *per se*, irrespective of whether the appeal would be successful." *Id.*

In light of *Ludwig* and *Carrion*, on December 5, 2005, the court conducted an evidentiary hearing on the issue of whether Defendant's attorney consulted with Defendant relating to an appeal.  As explained in the court's February 13, 2006 order, the court found "Mr. Cripps's testimony on the issue of whether Defendant ever requested an appeal to be credible" as his testimony was "clear, confident, and in the court's view believable."  (2/13/06 Order at 7.)  Reasonable jurists could only conclude that the court, having had the benefit of observing live testimony in the matter, made an informed and reasoned assessment of Mr. Cripps's testimony.  The court, therefore, will deny Defendant's motion for a certificate of appealability on this issue.

### D.  Transcript Request

Defendant has also requested the transcript of the evidentiary hearing conducted in this matter.  As the court reporter has received and begun processing Defendant's request, the court will deny as moot Defendant's "Motion to Transcribe."

### IV.  CONCLUSION

IT IS ORDERED THAT Defendant's "Motion for a Certificate of Appealability Consolidated With Motion to Transcribe Tsp of Evidentiary [Hearing] & Forward Same" [Dkt. # 102] is DENIED.

S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

9

Dated:  May 9, 2006


I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, May 9, 2006, by electronic and/or ordinary mail.


                              S/Lisa Wagner
                              Case Manager and Deputy Clerk
                              (313) 234-5522